James E. SWANN, Jr. and Gladys Swann, his wife, Defendants Below, Appellants,

v.

James E. CAREY and Dr. Asher B. Carey, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Dec. 21, 1970.

G. Francis Autman, Jr., of Dover and Abraham Dobkin, Washington, D.C. for appellants.

Robert W. Tunnell and Karl Haller, of Tunnell & Raysor, Georgetown, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is a motion to dismiss an appeal from the grant of an injunction in favor of the appellees by the Vice Chancellor. The dispute involves a right-of-way claimed by appellees. Following the judgment dated February 19, 1968, appellants obtained a new attorney, and nine months later filed a motion to vacate the judgment. This motion was denied on March 19, 1968 and fourteen months later appellants moved for a new trial on the ground of newly discovered evidence. This motion was denied on April 3, 1970. Appellants docketed their appeal on May 28, 1970.

Rule 9(2) (d) of this court, Del.C.Ann., requires appellant's brief to set forth, in lieu of assignments of error *, a statement of the questions involved in the appeal. From this brief it appears that appellants seek to raise questions concerning the capacity of their prior attorney, and evidentiary matters relating to the hearing on the motion to vacate judgment.

■ Rule 23 of this court and 10 Del.C. § 145 require that no appeal will be entertained by this court unless the praecipe or notice of appeal shall be filed with the Clerk within sixty days after the entry or decree appealed from. It is thus apparent that no questions raised by the proceedings at the trial or on the motion to vacate the judgment may now be considered, since the sixty-day limitation on them has long since expired.

■ However, this appeal was filed within sixty days of the denial of the motion for a new trial. It was thus filed in time to permit review of the propriety of that order. While the motion was for a new trial, the Vice Chancellor treated it as a motion under Rule 60(b) of the Court of Chancery for relief from a judgment. Appellants argue that a motion under Rule 60(b) necessarily involves all questions pertaining to all the proceedings going before the 60(b) motion. We think, however, to the contrary.

■ The rule precisely limits the categories for which relief from the judgment may be granted, e.g., mistake, new evidence, fraud, voidness, and satisfaction. What appellants seek in this appeal is review of matters which were reviewable at one time, but are now final by reason of the passage of time.

A motion under Rule 60(b) has no time limit. If we accepted appellants' interpretation of effect of a Rule 60(b) motion, Supreme Court Rule 23 and 10 Del.C. § 145 would be nullified.

The language of Rule 60(b) supports this conclusion. "A motion under this subdivision does not affect the finality of a judgment or suspend its operation." This provision is commented on in 7 Moore's Federal Practice § 73.09(4) as follows:

"* * * [An] application to the Court under this subdivision does not extend the time for taking an appeal, as distinguished from a motion for new trial. The Courts are in accord. An order refusing relief under Rule 60(b) is itself an appealable order, but the appeal brings up only the correctness of the order; it does not permit the appellant to attack the underlying judgment for an error which he could have complained of on appeal from it."

Accordingly, this appeal is dismissed as to all matters except the correctness of the order of April 3, 1970.

* Abolished by Rule 5(6).