Bruce NEY, t/a Blue Hen Home
Improvements, Plaintiff below,
Appellant herein,

v.

Edward A. POLITE, Defendant below,
Appellee herein.

Supreme Court of Delaware.

Submitted Dec. 19, 1978.

Decided Feb. 2, 1979.

Nicholas H. Rodriguez, of Schmittinger &
Rodriguez, Dover, for plaintiff below, ap-
pellant.

George H. Jones, of Twilley, Jones &
Feliceangeli, Dover, for defendant below,
appellee.

Before HERRMANN, Chief Justice,
DUFFY, McNEILLY, QUILLEN and HOR-
SEY, JJ., constituting the Court en Banc.

McNEILLY, Justice:

This is an appeal from the Superior
Court's denial of plaintiff's petition for a
Writ of Certiorari to be directed to a magis-
trate of the Justice of the Peace Court.
The critical issue is whether the magistrate
exceeded his jurisdiction in refusing to per-
mit plaintiff's appeal to the Superior Court
from the denial of plaintiff's timely applica-
tion to vacate nonsuit and default judg-
ments. Finding that the magistrate ex-
ceeded his jurisdiction, we reverse.

## I

Briefly, the facts are as follows:

Plaintiff initiated suit in Justice of the Peace Court alleging a debt owed to it by defendant for work performed and materials delivered. Defendant filed a demand for a bill of particulars which was mailed to plaintiff and which noted that trial was continued to a later date. Plaintiff answered the demand and defendant filed his answer and a counterclaim.

Subsequently, neither plaintiff nor his attorney appeared for trial on the later date; whereupon, the magistrate entered a nonsuit on plaintiff's claim and a default judgment against plaintiff on defendant's counterclaim. Plaintiff filed a timely application to vacate the judgments pursuant to 10 *Del.C.* § 9538 and J.P.Civ.R. 20(b)[1], which the magistrate denied after a hearing. Plaintiff gave the magistrate notice of appeal to the Superior Court; however, the magistrate refused to allow the appeal on the ground that it was not timely filed, i. e.,

more than fifteen days having elapsed from the date of entry of the nonsuit and default judgments.[2]

Plaintiff then filed with the Superior Court a petition for a writ of certiorari which the court denied.

## II

In its letter opinion dated October 17, 1977, the Superior Court stated:

"The record shows that the Justice of the Peace . . . mailed to petitioner, a notice of non-suit . . . and a notice of default judgment. . . . Both these notices state that within fifteen days, petitioner had the option of applying for vacation of judgment or appealing to Superior Court.

The petitioner moved to vacate the default judgment. The appeal time ran out and the Justice of the Peace refused to allow an appeal. This decision was not contrary to law."

---

1. 10 *Del.C.* § 9538 provides:
   "(a) A defendant may, within 15 days after the day of giving a judgment by default, apply to the justice to vacate the judgment, and let the parties into a trial.
   (b) The plaintiff, or his agent, if in the county, shall have notice of the defendant's application, and of the time set for hearing it.
   (c) If, upon the hearing, the justice is satisfied that there ought to be a trial, and that the defendant was not guilty of wilful negligence in letting judgment go against him by default, the application shall be granted, and a day appointed for the trial, whereof the plaintiff, or his agent, shall have notice.
   (d) The notice may in either case, be given and proved by the constable."
   J.P.Civ.R. 20(b) provides:
   "(b) Mistake; Inadvertence, Neglect, Newly Discovered Evidence, Fraud, etc. On motion and upon such terms as are just the Court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered at the time of the trial; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the

operation of the judgment. A motion under this subdivision does not effect the finality of a judgment or suspend its operation. This Rule does not limit the power of a Court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant any relief provided by statute, or to set aside a judgment for fraud upon the Court, or to deal with judgments by confession as provided by law."

2. The relevant statutes governing appeals from judgments of the Justice of the Peace Court in civil cases provide, in pertinent part:
   10 *Del.C.* § 9570. Right to appeal.
   "(a) A party against whom a judgment is given by a justice of the peace may appeal to the Superior Court if the judgment is given without a referee trial, and the amount exceeds $5, exclusive of costs.
   (b) A plaintiff or defendant, as the case may be, may appeal to the Superior Court on a judgment given by a justice of the peace if the judgment is given without a referee trial, and any part of the plaintiff's demand, or the defendant's counterclaim or setoff, exceeding $5 is disallowed or defalked.
   § 9571. Time for appeals; security.
   (a) An appeal shall be allowed by the justice at any time within 15 days from the day of giving the judgment and not after, counting that day as one, upon the party entitled to the appeal or his agent or attorney praying it."

It appears that the Superior Court Judge erroneously concluded that plaintiff was trying to appeal from the nonsuit and default judgments themselves, rather than from the magistrate's denial of plaintiff's application to vacate those judgments. However, the record clearly indicates that plaintiff sought the latter.

 A litigant need not risk waiving his right to appeal under 10 *Del.C.* § 9570 simply because he first chooses to apply to vacate default judgment under 10 *Del.C.* § 9538. The denial of an application to vacate default judgment possesses all the attributes of finality, and thus, is subject to appeal. *See* 4 Am.Jur.2d, *Appeal & Error* § 127; *P.H. Coustenis, Inc. v. Penn Valley Plywood, Inc.,* Del.Supr., 388 A.2d 1199 (1978) (mem. decision); *compare Battaglia v. Wilmington Savings Fund Society,* Del. Supr., 379 A.2d 1132 (1977) and *Swann v. Carey,* Del.Supr., 272 A.2d 711 (1970). In the case before us, plaintiff's liability became fixed and determined upon the magistrate's denial of the application to vacate the nonsuit and default judgment; consequently, plaintiff's right to appeal from that denial accrued from the date of that denial, not the date of entry of the nonsuit and default judgments themselves. However, we note that the appeal permits only review of the magistrate's order denying relief and not of the nonsuit and default judgments themselves. 7 *Moore's Federal Practice,* para. 60.30[3] (2d ed. 1978); *Sleek v. J. C. Penney Co.,* 3 Cir., 292 F.2d 256 (1961).

 Furthermore, there is no statutory procedure whereby a magistrate may summarily refuse to allow an appeal. *See State ex rel. Caulk v. Nichols,* Del.Supr., 281 A.2d 24, 27 (1971). Here, the magistrate clearly exceeded his jurisdiction by denying the appeal to which plaintiff was entitled by statute. Under these circumstances, plaintiff's petition for a writ of certiorari was the appropriate remedy to review the proceedings of the Justice of the Peace Court. *See Shoemaker v. State,* Del.Supr., 375 A.2d 431 (1977); Wooley, *Practice in Civil Ac-*

*tions and Proceedings in the Law Courts of the State of Delaware,* § 894 (1906).

\* .\* \* \* \* \*

Reversed and remanded with instructions to the Superior Court that the writ of certiorari issue to the Justice of the Peace Court.