COURT OF COMMON PLEAS
FOR THE STATE OF DELAWARE
KENT COUNTY COURTHOUSE
DOVER, DELAWARE 19901
PHONE: (302)739-3910

CHARLES W. WELCH, III
JUDGE

March 4, 2014

Andre M. Beauregard, Esq.
Brown, Shiels & Beauregard, LLC
502 S. State St.
Dover, DE 19901
Attorney for Appellants/Defendants Below

Mr. Tony Morris
939 Janvier Ct.
Middletown, DE 19709
*Pro Se* Appellee/Plaintiff Below

RE:   Ed Stevenson and E-Car Auctions v. Tony Morris
      C.A. No.: CPU5-13-001191

      Decision on Appeal from Justice of the Peace Court
      (Reversed and Remanded)

Dear Mr. Beauregard and Mr. Morris:

As you are aware, the Appellants/Defendants Below, Ed Stevenson and E-Car Auctions,

filed an appeal from the Justice of the Peace Court's decision denying Mr. Stevenson's and E-

Car Auctions' motion to vacate default judgment. This appeal is governed by *Ney v. Polite*, 399

A.2d 527 (Del. 1978). As such, the Court's review will be limited to the issue of whether the

Justice of the Peace Court abused its discretion when it denied the motion to vacate default

judgment.

After hearing oral argument for this matter and giving it careful consideration, the Court

concludes that the Justice of the Peace Court's order denying Mr. Stevenson's and E-Car

Auctions' motion to vacate default judgment must be reversed. The Justice of the Peace Court

relied on title 25, section 5712(b) of the Delaware Code to deny the motion on the grounds that it

was not timely filed. The lower court's reliance on § 5712(b) was erroneous. Section 5712(b) governs default judgments in cases involving summary possession of rental property. DEL. CODE ANN. tit. 25, § 5712(b). The case presently before the Court is a debt action. Thus, the Justice of the Peace Court abused its discretion when it relied on 25 *Del. C.* § 5712(b) to decide the appellants' motion and its decision on the motion is reversed and remanded for reconsideration. The Justice of the Peace Court is hereby directed to reconsider its decision in accordance with this decision.

## FACTS

On or about August 23, 2013, Tony Morris filed a civil debt action against Ed Stevenson and E-Car Auctions. E-Car Auctions is a limited liability corporation. On or about September 6, 2013, Mr. Stevenson filed an answer on the Justice of the Peace Court form that was provided to him for E-Car Auctions. He believed that the answer would be sufficient for both him and E-Car Auctions. Mr. Stevenson's answer was rejected and E-Car Auctions was sent a deficient filing notice from the Justice of the Peace Court for failure to file a Form 50 for E-Car Auctions. Mr. Stevenson never filed the Form 50. Therefore, the court entered default judgment against both Mr. Stevenson and E-Car Auctions for failure to file an answer. Mr. Stevenson and E-Car Auctions filed a motion to vacate default judgment, which was denied by the court on October 30, 2013. Mr. Stevenson and E-Car Auctions then filed an appeal to this Court. Oral argument on the appeal was heard by the Court on January 10, 2014.

## DISCUSSION

Unlike the Court of Common Pleas, a corporation does not need legal representation when it is a party to a suit in the Justice of the Peace Court. "Where the person bringing the action [in Justice of the Peace Court] is a corporation, the action may be prosecuted by an officer

or employee of the corporation who need not be a duly licensed attorney-at-law provided, however, that officer or employee is duly qualified under Delaware Supreme Court Rule 57." DEL. CODE ANN. tit. 10, § 9525. Delaware Supreme Court Rule 57 requires a corporation proceeding in an action *pro se* to file a "certificate of representation" otherwise known as a Form 50. SUPR. CT. R. 57(c). If an artificial entity proceeding *pro se* fails to file a Form 50 with its answer, the Justice of the Peace Court may enter a default judgment against the entity pursuant to Justice of the Peace Court Civil Rule 55.

In the present case, Mr. Stevenson thought he was filing an answer on behalf of himself and E-Car Auctions when he filed a response to the complaint for this matter with the Justice of the Peace Court on September 6, 2013. Although Mr. Stevenson did not file a Form 50 on behalf of E-Car Auctions, the Justice of the Peace Court erred when it rejected Mr. Stevenson's filing on behalf of Mr. Stevenson in his individual capacity. Therefore, the court should accept Mr. Stevenson's filing as an answer timely filed in his individual capacity. However, the Justice of the Peace Court did not abuse its discretion when it granted a default judgment against E-Car Auctions, as no Form 50 for representation was ever filed. That court should now consider E-Car Auctions' motion to vacate default judgment pursuant to Justice of the Peace Civil Rule 60.

**IT IS SO ORDERED.**

Sincerely,

Charles W. Welch, III

CWW:mek