**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**


SPEEDY KEY LOCK & TOW SERVICE )
and DOUGLAS COUDEN, )
                      )
      Defendants-Below/Appellants, )
                      )
            v. )          C.A. No. CPU4-14-002869
                      )
AMERICAN SPIRIT FEDERAL )
CREDIT UNION, )
                      )
      Plaintiff-Below/Appellee. )
                      )


Submitted: February 25, 2015
Decided: March 27, 2015


R. Joseph Hrubiec, Esquire
Law Office of R. Joseph Hrubiec
715 North Tatnall Street
Wilmington, DE 19801
*Attorney for Appellant*

L. John Bird, Esquire
Fox Rothschild, LLP
919 N. Market Street, Suite 300
Wilmington, DE 19801
*Attorney for Appellee*


## ORDER

In this appeal, Defendants-Below/Appellants Speedy Key Lock & Tow Service ("Speedy Key") and Douglas Couden ("Mr. Couden") (collectively, "Appellants") seek review of the Justice of the Peace Court's denial of its motion to vacate default judgment entered for Plaintiff-Below/Appellee American Spirit Federal Credit Union ("Appellee"). On July 28, 2014, Appellants moved in the Justice of the Peace Court to vacate the default judgment entered against them on July 22, 2014. On September 24, 2014, the Justice of the Peace Court entered an

order denying the motion. Appellants filed a notice of appeal in this Court on October 9, 2014.[1] This is the Court's decision, following a review of the parties' written submissions, on whether the Justice of the Peace Court abused its discretion in denying Appellants' motion to vacate.[2]

## PROCEDURAL POSTURE

On April 29, 2014, Appellee filed suit against Appellants in the Justice of the Peace Court seeking replevin of two recreational vehicles. On June 9, 2014, the parties appeared for trial; however, the Justice of the Peace Court continued trial after realizing that Speedy Key was not properly served. On June 10, 2014, the Justice of the Peace Court ordered: (1) Appellee to file an alias complaint with the proper address for Speedy Key; (2) Mr. Couden to obtain an attorney, or a Civil Form 50,[3] and; (3) Appellants to file a counterclaim within 15 days of being served with the alias complaint. The court sent a blank Civil Form 50 with its order.

On June 10, 2014, Appellee filed an alias complaint, and served Appellants on June 24, 2014. On July 8, 2014, Appellants filed an answer and counterclaim, as well as a Civil Form 50. Upon receiving Appellants' filings, the Justice of the Peace Court sent Appellant a deficient filing form, indicating that Appellants' Civil Form 50 was incomplete as it neither appointed a legal representative nor was validated by the Chief Magistrate's office. Appellants' filing was also defective because their answer and counterclaim were not signed. Appellants did not correct their deficiencies.

---

[1] The notice of appeal was incomplete upon its initial filing however, on October 20, 2014, Appellants filed the transcript of the proceedings below, and thus perfected the notice of appeal.

[2] In response to the notice of appeal, Appellee filed a complaint on appeal, and Appellants filed an answer and counterclaim. On November 21, 2014, Appellee filed a motion to dismiss, arguing that Appellants had proceeded in accordance with an appeal seeking a trial *de novo*, instead of proceeding in accordance with an appeal for abuse of discretion. On November 25, 2014, Appellants responded to the motion, arguing that it complied with the statutory requirements to perfect the appeal, but agreed that their appeal seeks review of the Justice of the Peace Court's denial of their motion to vacate. On December 12, 2014, the Court ordered the parties to brief the issue of whether the Justice of the Peace Court abused its discretion in denying the motion to vacate.

[3] Under 10 *Del. C.* § 9525, a corporation that is a party to an action in the Justice of the Peace Court "may be prosecuted by an officer or employee of the corporation who need not be a duly licensed attorney-at-law provided, however, that officer or employee is duly qualified under Delaware Supreme Court Rule 57." Delaware Supreme Court Rule 57 requires a corporation to file a "certificate of representation" (Civil Form 50) when proceeding *pro se*.

2

On July 22, 2014, the parties appeared in Justice of the Peace Court for trial. Appellee was represented by a member of the Delaware Bar, and Appellants appeared *pro se*. The Justice of the Peace Court entered default judgment against Speedy Key since Appellants never corrected their filing deficiencies, and dismissed the case with prejudice as to Mr. Couden.[4]

On July 28, 2014, Mr. Couden properly filed a validated Civil Form 50 as well as the motion to vacate default judgment. Mr. Couden argued that the Justice of the Peace Court should vacate the default judgment because he thought that the Chief Magistrate would provide the validated Civil Form 50 to the court. Mr. Couden claimed that he originally sent the Civil Form 50 to the Chief Magistrate and was unaware that he needed to supply the court with a validated copy.

On August 12, 2014, the Justice of the Peace Court held a hearing on the motion and determined that Appellants' failure to properly complete the Civil Form 50 did not constitute excusable neglect under Justice of the Peace Civil Rule 60. The court noted that Mr. Couden did not present any evidence to show that he filed the Civil Form 50 with the Chief Magistrate's office prior to July 22, 2014, and denied Mr. Couden's motion to vacate the default judgment.

On October 9, 2014, Appellants appealed the Justice of the Peace Court's decision to this Court. Appellants argue that the Justice of the Peace Court erred in denying their motion to vacate because Appellants' actions constitute excusable neglect. Appellants claim that they attempted to comply with the court's order and rules when submitting its Civil Form 50, and did in fact cure their deficiency when they submitted a fully executed and validated Civil Form 50 with its motion to vacate. Appellee argues that the Justice of the Peace Court properly denied

---

[4] Mr. Couden's dismissal from the case is not on appeal and is therefore not subject to this opinion.

3

Appellants' motion to vacate because Appellants failed to timely and properly file any pleadings or the Civil Form 50.[5]

## STANDARD OF REVIEW

In an appeal from a motion to vacate default judgment, the standard of review is abuse of discretion.[6] "An appeal from denial of a motion to vacate a default judgment does not bring the matter to this court for a trial *de novo* but only brings for review the Justice of the Peace's Order denying the motion to vacate."[7] The abuse of discretion standard is set forth in *Pitts v. White*:

> The essence of judicial discretion is the existence of judgment by conscience and reason, as opposed to capricious arbitrary action and where a Court has not exceeded the bounds of reason in view of the circumstances, and has not so ignored recognized rules of law of practice, so as to produce injustice, its legal discretion has not been abused; for the question is not whether the reviewing Court agrees with the Court below, but rather whether it believes that the judicial mind in view of the relevant rules of law and upon due consideration of the facts of the case could have reasonably reached the conclusion of which complaint is made.[8]

In reviewing an appeal under an abuse of discretion standard, "the reviewing court may not substitute its own view of what is right for those of the trial judge. The inquiry is whether the judgment was based upon conscience and reason, as opposed to capriciousness or arbitrariness."[9]

## DISCUSSION

Under the Justice of the Peace Civil Rule 60(b), "On motion and upon such terms as are just the Court may relieve a party or a party's legal representative from a final judgment, order or proceeding for . . . (1) mistake, inadvertence, surprise or excusable neglect . . . or (6) any other

---

[5] Although the Justice of the Peace Court decision mentions that Appellants' answer and counterclaim were incomplete because they were not signed, based on the court's analysis in its order, it appears that the Court only considered Appellants' improper Civil Form 50 filing as the basis for the entry of default judgment.
[6] *Ney v. Polite*, 399 A.2d 527, 529 (Del. 1979).
[7] *Id.*
[8] 109 A.2d 786 (Del. Super. 1954).
[9] *Bernice's Educ. Sch. Age Ctr., Inc. v. Cooper*, 2013 WL 601097, at *2 (Del. Com. Pl. Feb. 18, 2013) (quoting *Dover Historical Soc'y v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1089 (Del.2006)).

4

reason justifying relief from the operation of the judgment." Delaware courts favor adjudication of cases on the merits.[10] In accordance with this policy, courts will liberally construe Rule 60(b), and resolve any doubts raised by the motion in favor of the moving party.[11]

The moving party must satisfy three elements in order to prevail on a motion to vacate a default judgment: "(1) excusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on its merits; and (3) a showing that substantial prejudice will not be suffered by the plaintiff if the motion is granted."[12] Excusable neglect "is defined as neglect which might have been the act of a reasonably prudent person under the circumstances."[13] It "require[s] a showing of 'diligence in attempting to comply with the [rules of the court].'"[14]

In this case, Mr. Couden's improper filing of the Civil Form 50 constitutes excusable neglect. This is not a case where Mr. Couden failed to file a Civil Form 50 or defend Speedy Key's interests. Instead, on July 8, 2014, Mr. Couden attempted to comply with the Justice of the Peace Court's June 10th Order by filing what he believed was a completed Civil Form 50. Although the court sent Mr. Couden a deficiency notice, indicating that his filing was incomplete, Mr. Couden avers that he believed in good faith that the Chief Magistrate would validate the Civil Form 50 and provide it to the Justice of the Peace Court, which is why he did not take any further action. As the Court draws any doubts raised by the motion in favor of the

---

[10] *Battaglia v. Wilmington Sav. Fund Soc'y*, 379 A.2d 1132, 1135 (Del.1977).

[11] *Bernice's Educ. Sch. Age Ctr., Inc.*, 2013 WL 601097, at *2 (citations omitted).

[12] *Verizon Delaware, Inc. v. Baldwin Line Const. Co.*, 2004 WL 838610, at *1 (Del. Super. Apr. 13, 2004) (citing *Lewes Dairy, Inc. v. Walpole*, 1996 WL 111130 at *2 (Del. Super. 1996)). The court also noted that the movant must timely file its motion when seeking relief from a default judgment. *Id.* at *1 n.4.

[13] *Id.*

[14] *Stoltz Management of Delaware, Inc. v. Justice of the Peace Court of State*, 2001 WL 1557486, at *2 (Del. Com. Pl. March 27, 2001) (citing *Odwin v. Hahn*, 2000 WL 33115700 at *1 (Del. Super. Oct. 19, 2000)).

moving party, this issue must be drawn in Mr. Couden's favor. Moreover, after the Justice of the Peace Court entered default judgment as to Speedy Key on July 22, 2014, Mr. Couden filed a second Civil Form 50. This second filing, which was presented to the Court with the motion to vacate, was fully executed and validated. Mr. Couden's actions demonstrate his diligence in attempting to comply with the Court's rules, and his initial improper filing constitutes excusable neglect.

Appellants have also demonstrated that they have a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on its merits. In the underlying action, Appellee seeks replevin of two recreational vehicles that are in Appellants' possession. Appellee claims that it previously engaged Appellants to repossess and store the vehicles, and that Appellants refuse to surrender possession despite Appellee's requests. Appellants maintain that they have a valid garageman's lien under 15 *Del. C.* § 3901 due to Appellee's failure to pay repossession or storage fees. Therefore, the Court is satisfied that Appellants' defense would be tenable.

Finally, Appellants have shown that Appellee will not suffer substantial prejudice if the motion is granted. Appellants maintain that the recreational vehicles are being stored in a safe and secure location and will be returned to Appellee should judgment be entered against them. Appellee has not shown any proof that it would suffer prejudice sufficient to leave the default judgment in place.

In reviewing the record, and the Justice of the Peace Court's denial of Appellants' motion to vacate, it is clear that the judgment was capricious and arbitrary. While the court cited to the applicable standard of law, it failed to apply that standard to the facts of the case. The court failed to consider the fact that Mr. Couden twice appeared for trial, prepared to defend;

6

twice submitted the Civil Form 50 (granted, only once properly executed); and claimed that he had submitted the Civil Form 50 to the Chief Magistrate as required. These facts demonstrate diligence. Instead, the court focused its analysis on a discrepancy in Mr. Couden's statements from June 9, 2014, when the trial was continued. This does not reflect a judgment that was based upon conscience and reason.

## CONCLUSION

For the foregoing reasons, the Justice of the Peace Court's denial of Appellant's Motion to Vacate is **REVERSED**, and the case is **REMANDED** to the Justice of the Peace Court for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

The Honorable Carl C. Danberg,
Judge

cc: Tamu White, Judicial Case Management Supervisor