# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

MORGAN HOME MANAGEMENT, LLC,    )
                                      )    Case No. CPU4-19-001341
    Defendant-Below / Appellant,    )
                                        )
    v.                                   )
                                        )
ANDREA T. SHTATMAN and       )
NICHOLAS REPINE,            )
                                        )
    Plaintiff's-Below / Appellees.    )

Submitted:    July 12, 2019
Decided:     July 26, 2019

Richard L. Abbott, Esquire               Donald L. Gouge, Jr., Esquire
724 Yorklyn Road, Suite 240           800 N. King Street, Suite 303
Hockessin, DE 19707                  Wilmington, DE 19801
*Attorney for Appellant*                *Attorney for Appellees*

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT-BELOW/APPELLANT'S MOTION TO VACATE DEFAULT
## JUDGMENT

Defendant-Below/Appellant, Morgan Home Management, LLC (hereinafter "Appellant"), appeals a Justice of the Peace Court 13 ("J.P. Court") order dated March 22, 2019, denying Appellant's application to vacate a default judgment previously entered against it. In the court-below, Andrea T. Shtatman and Nicholas Repine (hereinafter "Appellees"), filed a claim against Appellant for issues arising out of a real estate transaction. On October 17, 2018, J.P. Court entered default judgment in favor of Appellees. On January 22, 2019, Appellant moved J.P. Court to vacate default judgment. On February 18, 2019, a hearing was conducted on the motion to vacate and the

1

motion was denied. On April 5, 2019, Appellant filed the instant appeal and Motion to Vacate Default Judgment.

On July 12, 2019, the Court heard argument from both parties on the instant Motion.

## PARTIES' CONTENTIONS

Appellant contends that the Motion on appeal from the J.P. Court should be heard *de novo* pursuant to 10 *Del. C.* §§ 9571, 9572 and Court of Common Pleas Civil Rule 72.3. In support, Appellant argues that it had not been served with the complaint in the court-below and thus is entitled to have judgment vacated. Further, Appellant asserts that a showing of excusable neglect is not necessary to succeed on a Rule 60(b) Motion if service of the complaint was not perfected. Appellant contends that it has a meritorious defense and substantial prejudice to the Appellees would not result if the Motion was granted.

Appellees assert that the Motion on appeal should be heard using an abuse of discretion standard pursuant to Court of Common Pleas Civil Rule 72.2(b)(3). Appellees argue that when the issue on appeal was decided using judicial discretion in the court-below, the standard of review on appeal is abuse of discretion. Appellees also contend that Appellant was properly served with notice of the complaint in the court-below.

## DISCUSSION

### *Standard of Review*

"A denial of an application to vacate a default . . . judgment possesses all the attributes of finality, and thus, is subject to appeal."[1] Review of a denial of a motion to vacate default shall only be subject to a review of the order denying relief and not the default judgment itself.[2] In reviewing the denial of the motion to vacate default judgment, this Court shall use an abuse of discretion standard. "An abuse of discretion will only be found 'when the trial judge exceed[s] the bounds of reason in view of the circumstances and has so ignored recognized rules of law or practice so as to produce injustice.'"[3] This Court need not determine whether it would have reached a different outcome; rather, the Court must determine whether the court-below's denial was "the product of logic based upon the facts and reasonable deductions to be drawn therefrom."[4] This evaluation must bear in mind Delaware's public policy favoring a resolution on the merits.[5]

Appellant's contention, that the standard of review should be *de novo,* is refuted by case law.[6] An opinion was rendered in this Court, in June 2019, which directly addressed whether the Court of Common Pleas should apply an abuse of discretion standard or *de novo* standard in reviewing a motion to vacate.[7] The Court found that an abuse of discretion standard was

---

[1] *Gunn v. Tidewater Utilities, Inc.,* 2016 WL 5660306, at *2 (Del. Com. Pl. July 25, 2016) (citing *Ney v. Polite,* 399 A.2d 527, 529 (Del. 1979)).

[2] *Ney v. Polite,* 399 A.2d 527, 529 (Del. 1979).

[3] *Gunn,* 2016 WL 5660306, at *2 (citing *State v. Wright,* 131 A.3d 310, 320 (Del. 2016)).

[4] *Payne v. Davenport Servs., Inc.,* 2013 WL 4769257, at *2 (Del. Com. Pl. Sept. 4, 2013) (citing *Hurd v. Smith,* 2009 WL 1610516, *1 (Del. Com. Pl. June 10, 2009)).

[5] *Id.*

[6] *See Gibson v. Car Zone,* 31 A.3d 76 (2011) (affirming a Court of Common Pleas decision which applied an abuse of discretion standard to a J.P. Court denial of a motion to vacate judgment); *Am. Spirit Fed. Credit Union v. Speedy Key Lock & Tow Servs.,* 2016 WL 399231, at *3 (Del. Super. Jan. 29, 2016) (affirming a Court of Common Pleas decision which applied an abuse of discretion standard when evaluating J.P. Court's denial of a motion to vacate).

[7] *Hillcap v. May,* C.A. No. CPU4-18-002449 (Del. Com. Pl. June 24, 2019) (J. Welch, J).

appropriate in this instance. Statutory law also supports this notion. While 10 *Del. C.* § 9571 states that an appeal "from any final order, ruling, decision, or judgment of the Court in a civil action there shall be a right of appeal to the Court of Common Pleas . . . [and] [t]he appeal shall be a trial *de novo*," Court of Common Pleas Civil Rule 72.2(c)(3) provides clarity. Rule 72.2(c)(3) states that where "[t]he issue on appeal is one of judicial or administrative discretion," a party can move to affirm the decision by showing that there was no abuse of discretion. While the instant motion is not an expedited motion to affirm, the same standard should apply here where the same issue is being evaluated. Public policy supports this determination not to permit an appellant to "attack the underlying judgment for an error which he could have complained of on appeal from it,"[8] under Rule 60(b). "There are two significant values implicated by Rule 60(b). The first is ensuring the integrity of the judicial process and the second, countervailing, consideration is the finality of judgments."[9]

*Rule 60(b)*

Pursuant to Rule 60(b), the movant must satisfy three elements before a motion to vacate a default judgment will be granted: "(1) excusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on its merits; and (3) a showing that substantial prejudice will not be suffered by the plaintiff if the motion is granted."[10] For a Rule 60(b)(1) motion, the court should only consider the latter two elements if "a satisfactory explanation has been established for failing to answer the complaint, e.g. excusable neglect or inadvertence."[11]

---

[8] *Car Zone*, 31 A.3d at 76.
[9] *Id.*
[10] *Watson v. Simmons*, 2009 WL 1231145, at *2 (Del. Super. Apr. 30, 2009).
[11] *Id.*

4

In this case, the Court finds that the J.P. Court did not abuse its discretion in denying Appellant's motion to vacate. The Court is satisfied that verification of service prior to entry of default judgment was accomplished in accordance with 10 *Del. C.* § 9524(b)(2), which permits the special process server to file an affidavit indicating the outcome of the certified mailing. The certified mailing was also followed by notice via certificate of mailing. Further, as Appellees point out in their response in opposition to Appellant's motion, it does not appear to be Appellant's argument that the address to which the certified mail was sent is inaccurate. The order-below also relies on Appellant's affidavit, which admits knowledge of the pending litigation in the J.P. Court and contact with counsel for Appellees. For these aforementioned reasons, the Court finds that the J.P. Court did not abuse its discretion in finding no excusable neglect. The Court need not evaluate whether Appellant had a meritorious defense or whether substantial prejudice to Appellees would result, as the test requires a showing of all three elements and a satisfactory explanation amounting to excusable neglect has not been shown. Although, it was the reasonable opinion of the J.P. Court that Plaintiff would suffer substantial prejudice by incurring additional attorney fees and delays in carrying out their judgment.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 26th day of July, 2019, that Appellant's Motion to Vacate Default Judgment be **DENIED**.

The Honorable Robert H. Surles
Judge

cc:     Patricia Thomas, Judicial Case Manager

5