SUPERIOR COURT
OF THE

**RICHARD F. STOKES**
*RESIDENT JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE, 2**
**GEORGETOWN, DE 19947**
**TELEPHONE (302) 856-5264**

August 26, 2019

David M. Moncavage
23349 Park Avenue
Georgetown, Delaware 19947

Taylor Trapp, Esq.
Tunnell & Raysor, P.A.
30 East Pine Street, P.O. Box 151
Georgetown Delaware, 19947

RE:   *Advanced Exteriors, a Company Doing Business in the State of Delaware, and David Moncavage v. April Black and Cyndee Martin*, C.A. No. S19A-01-002 RFS

DATE SUBMITTED: May 5, 2019

Dear Mr. Moncavage and Ms. Trapp:

Presently before the Court is an appeal from a decision of the Court of Common Pleas brought by David Moncavage ("Appellant"). On January 28, 2019, Appellant filed an appeal of the Court of Common Pleas' determination to accept the Commissioner's Recommendation and to deny Appellant's Motion to Vacate Default Judgment. April Black and Cyndee Martin ("Respondents") opposed the Motion to Vacate Default Judgment, and an Order was issued by the Court of Common Pleas accepting the Commissioner's Recommendation and denying Appellants Motion to Vacate Default Judgment. Appellant seeks to reverse the Court of Common Pleas' decision. The Court AFFIRMS the decision below for the reasons discussed below.

**Procedural and Factual Background**

The original Complaint in this matter was brought by Respondents against Appellant and Advanced Exteriors. The original Complaint was filed in the Court of Common Pleas on May 2, 2018. The Complaint sought to collect damages from Appellant and Advanced Exteriors for

1

breach of contract, anticipatory breach of contract, conversion and fraud for failing to complete contracted, and substantially paid for, home improvements. Respondents served Appellant and Advanced Exteriors with the Complaint on May 16, 2018.

Appellant and Advanced Exteriors had until June 5, 2018, to file an Answer or otherwise responsive pleading or enter an appearance. Appellant and Advanced Exteriors failed to file an Answer or any type of document and failed to have an appearance entered on their behalf prior to June 5, 2018. On June 8, 2018, Respondents filed Directions for Entry of Judgment by Default against Appellant and Advanced Exteriors. On June 8, 2018, the Clerk of the Court of Common Pleas entered Default Judgment against Appellant and Advanced Exteriors for $49,403.50.

On June 13, 2018, Appellant filed a Motion to Vacate Default Judgment. The Motion to Vacate Default Judgment was the first communication that Appellant or Advanced Exteriors had with the Court of Common Pleas. The Motion to Vacate Default Judgment states that it was filed on behalf of both Appellant and Advanced Exteriors and was signed by Appellant.

On July 11, 2018, the Court of Common Pleas mailed Appellant, Advanced Exteriors, and Respondents notice of the date of the hearing for Appellant's Motion to Vacate Default Judgment. The Notice stated that the hearing was to be held on August 30, 2018 at 9:30 a.m. The Court held the hearing for Appellant's Motion to Vacate Default Judgment on August 30, 2018. As of 10:01 a.m. on August 30, 2018, neither Appellant nor a representative for Advanced Exteriors appeared at the hearing. The hearing was before Commissioner Donald R. Bucklin, and the Commissioner noted on the record that Appellant personally called the court the day prior to the hearing and confirmed the time and date of the hearing.

On August 30, 2018, the Commissioner recommended that the Court of Common Pleas deny Appellant's Motion to Vacate Default Judgment. The Commissioner reasoned that since

2

neither Appellant nor Advanced Exteriors appeared at the hearing to argue the Motion to Vacate Default Judgment, then the Motion should be denied. The Commissioner filed his Recommendation on September 11, 2018. On September 25, 2018, Appellant filed an appeal of the Commissioner's Recommendation to the Court of Common Pleas. Appellant argued that he had never received written notice of the scheduled hearing date.

On January 11, 2019, the Court of Common Pleas affirmed the Commissioner's Recommendation in a written Order. The Court of Common Pleas reviewed the Commissioner's Recommendation *de novo* and accepted it. The Court of Common Pleas reasoned that Appellant's contention that he had not received notice of the hearing was contradicted by the Court docket's recordation that written notice was mailed to all parties on July 11, 2018. Furthermore, at the motion hearing, the Commissioner specifically noted that Appellant had called the Court the day prior to the hearing to confirm both the time and date of the hearing. Therefore, the Court of Common Pleas found no basis for relief accepted the Recommendation of the Commissioner, and ordered relief was to be denied.

On January 28, 2019, Appellant filed an appeal of the Court of Common Pleas January 11, 2019, decision. Appellant argues that the Court of Common Pleas improperly denied his appeal of the Commissioner's Recommendation because: (1) the Court of Common Pleas took a one-sided view in favor of Respondents; (2) Respondents Counsel knowingly and willingly violated A.B.A. rule 4.1 and Federal Rule of Civil Procedure Rule 60(3); (3) the Court of Common Pleas failed to address Appellant's argument that Respondents' Counsel committed fraud on the Court because she named Advanced Exteriors as a company when it was actually a sole proprietorship; (4) Court of Common Pleas used false information from the Commissioner's Recommendation that Appellant contradicted the Court files; (5) the Court of Common Pleas used false information

3

that the Appellant called the Court the day before the hearing to confirm the date and time; and (6) the Court of Common Pleas improperly and falsely stated that Appellant never filed a response to Respondents' Complaint.

## Discussion

The question presented in this appeal is a very limited one: Did the trial court abuse its discretion in denying Appellant's Motion to Vacate Default Judgment because of Appellant's failure to appear at the Motion hearing?

"A denial of an application to vacate a default judgment possesses all the attributes of finality, and thus, is subject to appeal."[1] Review of a denial of a motion to vacate default shall only be subject to a review of the order denying relief and not the default judgment itself.[2] In reviewing the denial of the motion to vacate default judgment, this Court shall use an abuse of discretion standard. "An abuse of discretion will only be found 'when the trial judge exceed[s] the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice.'"[3]

When considering an appeal of a denial of a motion to vacate default judgment from the Court of Common Pleas, this Court sits as an intermediate appellate court.[4] This Court need not determine whether it would have reached a different outcome; rather, the Court must determine whether the court-below's denial was "sufficiently supported by the record and the product of an orderly and logical deductive process."[5]

---

[1] *Ney v. Polite*, 399 A. 2d 527, 529 (Del. 1979).
[2] *Id.*
[3] *State v. Wright*, 131 A. 3d 310, 320 (Del. 2016).
[4] *State v. Richards*, 1998 WL 732960, at *1 (Del. Super. Ct. 1998).
[5] *Wright v. Platinum Fin. Services*, 2007 WL 1850904, at *2 (Del. 2007).

4

Appellant asks the Court to find that his absence from the hearing on the Motion to Vacate Default Judgment was excusable because Appellant allegedly never received the Notice of the hearing in the mail. This argument was considered by the trial court. The trial court found,

> [Appellant's] averments [that his failure to appear at the motion hearing was due to the fact that he never received written notice of the scheduled hearing date] are contradicted by the Court docket's recordation that written notice was mailed to all parties on July 11, 2018. Furthermore at the motion hearing, the Commissioner specifically noted that [Appellant] had called the Court on August 29, 2018 (the day prior to the hearing) to confirm both the time and date of the motion hearing. Therefore, the Court finds no basis for relief.[6]

The record reflects the trial court's conclusion that Appellant received written and verbal notice of the hearing on its Motion to Vacate Default Judgment and that Appellant failed to appear at the hearing. The Court of Common Pleas did not abuse its discretion in denying the Motion to Vacate Default Judgment.[7]

## Conclusion

For the reasons set forth above, the trial court's order granting Default Judgment is **AFFIRMED**.

**IT IS SO ORDERED.**

Very Truly Yours,

Richard F. Stokes

---

[6] *Black v. Advanced Exteriors*, Del. C.P, C.A. No. CPU6-18-000721, Clark, J. (January 11, 2019).
[7] See *Steers v. Summerfield Homeowners Association Inc.*, 2019 WL 2509113 at *1 (Del. C.P. 2019); *Brady v. Wells Fargo*, 47 A. 3d 971 (Table)(Del. 2012); *Brady v. Wells Fargo*, 2011 WL 5626626 (Del. Super. Ct. 2011).