IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JANULYN MCKANIC-STEERS       :

           :

      Appellant,              :

           :

v.                           :       C.A. No. S19A-06-003 RFS

           :

SUMMERFIELD HOMEOWNERS,       :

ASSOCIATION, INC.               :

           :

      Appellee.             :

FILED PROTHONOTARY SUSSEX COUNTY 2020 MAR 11 P 3:00

## ORDER

Submitted: 1/22/2020
Decided: 3/11/2020

Janulyn McKanic Steers, 87-23 Cloverhill Road, Holliswood, NY 11423, *Pro Se* Appellant.

Chad J. Toms, Esq. and Kaan Ekiner, Esq., 405 N. King Street, Suite 500, Wilmington, DE 19801, Attorneys for Appellee.

## I. INTRODUCTION

Before the Court is Appellant Janulyn McKanic-Steer's ("Appellant") appeal from a Court of Common Pleas ("CCP") decision affirming a Justice of the Peace Court ("JP Court") decision denying a motion to vacate a default judgment. For the reasons that follow, the decision of CCP is **AFFIRMED**.

## II. FACTUAL AND PROCEDURAL HISTORY

In August 2016, Summerfield Homeowners' Association, Inc. ("Appellee") filed a civil action in the JP Court seeking a judgment against Vincent Steers ("Mr. Steers") for unpaid

1

homeowner assessments associated with property located in Sussex County. Appellant is the sole beneficiary under Mr. Steers' will and has become the owner of the property. Appellee claims that Appellant has not acknowledged the debt, leading to this action.

In December 2016, the JP Court entered Default Judgment against Mr. Steers, who was deceased. Appellant moved to vacate the judgment; however, Appellant did not attend the motion hearing. Appellee agreed to vacate the judgment and filed an alias complaint against Appellant, substituting Mr. Steers with Appellant. In April 13, 2018, the JP Court entered a Default Judgment against Appellant and Appellant moved to vacate that judgment on May 2, 2018. A hearing was held in July 31, 2018. Appellant failed to attend the motion hearing and, as a result, the JP Court denied Appellant's motion.

Appellant failed to timely appeal the April 2018 judgment in the JP Court. On August 13, 2018, Appellant appealed the JP Court's denial to vacate the default judgment to CCP. CCP affirmed the JP Court's judgment. Appellant now appeals to this Court.

## III. DISCUSSION

This Court's review of a CCP decision is limited to correcting errors of law and determining whether the lower court's decision is supported by substantial evidence. "Substantial evidence is such relevant evidence that a reasonable mind would accept as adequate to support a conclusion."[1] "Absent an error of law, the CCP's decision will not be disturbed where there is substantial evidence to support its conclusions."[2]

Appellant failed to timely appeal the JP Court default judgment; therefore, CCP's review was limited to determining whether the JP Court abused its discretion in denying Appellant's

---

[1] *Delaware Inst. of Health Scis., Inc. v. Okorie*, 2011 WL 3481055, at *1 (Del. Super. Ct. Aug. 4, 2011).
[2] *Id.*

2

motion to vacate default judgment.[3] Where a party fails to timely appeal the default judgment, the reviewing court is limited to the lower court's decision denying a motion to vacate.[4] CCP was limited to reviewing the JP Court's order denying the motion to vacate. Appellant does not get a trial *de novo*.[5]

The question on appeal is whether CCP's decision was supported by the record and free from legal error. CCP reviewed Appellant's appeal of the JP Court's denial to vacate the default judgment as an abuse of discretion. In affirming the JP Court, CCP stated:

> The record reveals that Appellant's motion below was denied due to Appellant's failure to appear at the July 31, 2018 motion hearing and prosecute the motion....Here, the Appellant failed to appear at the hearing to vacate judgment. Therefore, there is no basis for this Court to find that the magistrate below abused his or her discretion in denying the motion to vacate default judgment.[6]

Appellant makes several assertions regarding why the JP Court abused its discretion and the merits of the underlying case. Appellant argues that CCP erred because the JP Court abused its discretion by asserting jurisdiction over a deceased person – Mr. Steers. Appellant alleges that the JP Court tried to entrap her into something that she was never a party to and that the JP Court was a willful participant in Appellee's fraud.

Appellant asserts several reasons as to why she is not liable and should not be held liable for the debt accrued by Mr. Steers; however, Appellant does not provide any reason as to why CCP erred in finding that the JP Court did not abuse its discretion in denying Appellant's motion to vacate judgment. Appellant did not timely appeal the original judgment and, therefore, waived her chance to argue the merits. Thus, this Court does not reach the merits of the case. What is

---

[3] *Ney v. Polite*, 399 A.2d 527, 529 (Del. 1979).
[4] *Id.*
[5] *Id.*
[6] *Steers v. Summerfield Homeowners Ass'n Inc.*, 2019 WL 2509113, at *1 (Del. Com. June 3, 2019).

before the Court is Appellant's appeal of the JP Court's denial to vacate a default judgment entered against Appellant. If CCP's decision is supported by the record and free from legal error, the decision will be upheld.

Relief from a judgment or order may be set aside upon a showing of multiple grounds such as mistake, inadvertence, surprise, or excusable neglect.[7] The burden lies with the moving party to establish entitlement to relief. The record reflects no such argument by Appellant.

Here, Appellant failed to appear at the hearing to vacate judgment and present an argument to the JP Court as to why the default judgment against her should be vacated. Appellant, in her opening brief, states, "I never appeared in JP Court 17…I had no reason to appear."[8] Appellant failed to show up and prosecute her case.

The record supports CCP's decision; therefore, the court below was correct in finding that the JP Court did not abuse its discretion in denying Appellant's motion to vacate default judgment.

## IV. CONCLUSION

Considering the foregoing, the decision of the lower court is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
Richard F. Stokes, Judge

---

[7] Super. Ct. Civ. R. 60.
[8] App. Opening Br. at 36.

4