# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

KHALED JAMOOM,  )
  )
  Defendant-Below/Appellant,  )
  )
v.  )   Case No.: CPU4-19-003948
  )
MARGARET C. FORTINPER,  )
  )
  Plaintiff-Below/Appellee,  )
  )

Submitted: December 20, 2020
Decided: February 5, 2021

Douglas J. Cummings, Jr., Esq.
Kollias Law, LLC
3513 Concord Pike
Suite 3300
Wilmington, DE 19803
*Attorney for*
*Appellant/Defendant-Below*

Robert J. Valihura, Jr., Esq.
Morton, Valihura & Zerbato
LLC
Greenville Professional Center
3704 Kennett Pike
Greenville, DE 19807
*Attorney for Appellee/Plaintiff-*
*Below*

## DECISION ON APPEAL FROM JP COURT

**Manning, J.**

## FACTUAL AND PROCEDURAL HISTORY

On February 7, 2019, Plaintiff-Below/Appellee Margaret C. Fortinper, ("Fortinper") filed a complaint in the Justice of the Peace Court ("JP Court") against Defendant-Below/Appellant, Khaled Jamoom, ("Jamoom") to recover $12,475.00 in unpaid rent, late fees, and one and one-half holdover rent per diem until possession was returned.[1] Fortinper alleged that she had terminated the lease and notice of the termination was sent on February 6, 2019. Additionally, as of the filing of the complaint, Fortinper alleged that Jamoom had not vacated the property.

Trial was held in JP Court on March 19, 2019, where a default judgment was entered. However, the judgment was vacated *sua sponte* on April 4, 2019, because it was determined that the rental address for Jamoom was not served. A new trial was then scheduled for May 28, 2019, at 8:30 a.m.

On May 24, 2019, Jamoom's attorney entered his appearance and filed a continuance request because Jamoom had jury duty scheduled for the same day. There is no evidence that the JP Court responded to this request.[2] However, despite not receiving a response, Jamoom and his attorney both failed to appear on May 28, 2019, for trial. Documentation indicates that Jamoom indeed reported for jury duty as directed, however, he was excused from service and was released at 8:20 a.m. that

---

[1] Per the parties, actual possession of the rental unit is no longer at issue.

[2] The continuance request was docketed at 4:00 p.m. on the Friday before trial—scheduled for the following Tuesday.

2

morning.[3]

On May 29, 2019, a default judgment was entered in JP Court. On June 4, 2019, Jamoom filed a Motion to Vacate the Default Judgement and a hearing was held on October 7, 2019. On October 18, 2019, the JP Court issued an order denying the Motion to Vacate based on Jamoom's failure to establish the elements under Rule 60(b) seeking to vacate a default judgment.[4]

On November 5, 2019, Jamoom appealed the denial of the Motion to Vacate the Default Judgment to this Court. Jamoom claimed that the JP Court overlooked his request for a continuance of trial, his conflicting jury duty, and his meritorious defense.[5] On March 20, 2020, Jamoom filed a Motion for Partial Default Judgment and argued that Fortinper was required to serve her complaint on appeal within 20 days after service of the appeal, and default judgment should be entered against Plaintiff for failure to do so.

On August 6, 2020, Fortinper filed a Response to the Motion for Partial Default Judgment. After a continuance, on October 1, 2020, Jamoom filed a Reply Brief in Further Support of Favorable Judgment on Appeal. On October 5, 2020, a hearing was held on Jamoom's Motion for Partial Default Judgement. Following

---

[3] Jamoom's Mot. for Partial Default J., Ex. A, p. 6.

[4] Del. J.P. Order, C.A. No. JP13-19-002047, Ross, J. (Oct. 21, 2019).

[5] It should be noted that the unusually long delay in this case proceeding is due, in significant part, to the still on-going COVID-19 pandemic.

3

the hearing, I took the matter under advisement, and the parties submitted additional legal memoranda. This is my decision after consideration of the arguments and evidence presented by the parties.

## MOTION FOR PARTIAL DEFAULT JUDGMENT

In his briefing to the Court and at oral argument, Jamoom claims that no complaint on appeal was served pursuant to Court of Common Pleas ("CCP"), Civil Rule 72.3, and per a letter from a clerk of this Court, within 20 days. I will note that the procedure on appeal from JP Court to this Court is somewhat counter-intuitive. To be clear, if a notice of appeal is filed in this Court, then Rule 72.3 requires the party who filed the original complaint in JP Court—whether he or she prevailed below or not—to then *refile and serve* the original complaint in this Court as if the trial below had never occurred. Therefore, based on the Court rule and clerk's letter, Jamoom is correct and Fortinper should have filed and served his complaint after receiving the notice of appeal.

Fortinper did, however, file a response to the Motion for Partial Default Judgment and did not ignore responding to Jamoom's appeal altogether. In his response, Fortinper argued that under Rule 72.2, the instant matter is a record appeal which does not require a complaint on appeal. Fortinper's confusion is somewhat understandable in light of Jamoom's Notice of Appeal which set out the substantive grounds for the appeal. The Notice of Appeal could reasonably be construed as an

4

opening brief—although a very abbreviated one. Additionally, Fortniper's belief that the appeal would be "on the record" and not a *de novo* appeal under Rule 72.3, is reinforced by past decisions of this Court holding as much. [6] On this record, it is clear there was some reasonable confusion between the parties as to what filings were due and what standard of review would be applied after the notice of appeal was filed. Therefore, in my discretion and in the interests of justice, I am denying the Motion for Partial Default Judgment.

## STANDARD OF REVIEW

Despite some conflicting case-law, I believe that my decision in *Wilson v. Delmarva Power* is the correct analysis of the state of the law regarding an appeal from JP Court to CCP, and I will adhere to the ruling and rationale I outlined in that opinion. [7] As I noted in that decision, the statute governing appeals from JP Court to CCP, 10 *Del. C.* § 9571, was substantially amended and expanded in 1991 and 1994. [8] These amendments created a *de novo* standard of review for matters

---

[6] *E.g. Bernice's Educational School Age Center, Inc. v. Cooper*, 2013 WL 601097, (Del. Com. Pl. Feb 18, 2013) (citing *Ney v. Polite*, 399 A.2d 527, 529 (Del. 1979)); *but see Kurtz v. Pomerantz* 2015 WL 5926933 (Del. Com. Pl. Oct 8, 2015) (applying a *de novo* standard of review to JP Court appeals after remand by the Superior Court on this very issues).

[7] *Wilson v. Delmarva Power Company*, 2020 WL 7024489, at *2-*4 (Del. Com. Pl. Nov. 30, 2020).

[8] 10 Del. C. § 9571 Appeal in civil actions.
(a) From any final order, ruling, decision or judgment of the Court in a civil action there shall be the right of appeal to the Court of Common Pleas of the State in the county in which said order, ruling, decision or judgment was rendered.
(b) The appeal shall be taken within fifteen days of the final order, ruling, decision or judgment.

5

appealed from JP Court to CCP. Although sub-section (c) only uses the term "trial," sub-section (a) is illustrative and makes clear that the entire section applies to *"any final order, ruling, decision or judgment [on appeal]."* [9] Thus, the matter on *de novo* appeal is not limited solely to appeals from an actual trial but may also take the form of an appeal from a denial of a dispositive motion or other type of ruling—so long as it is a final ruling. [10] In this case, where a denial of a Motion to Vacate is appealed, this Court will look at the Motion to Vacate *de novo* and is not required to give deference to the JP Court's findings or ruling. As discussed previously, if the matter on appeal was a verdict after trial (i.e. a trial on the merits) and the appeal was timely filed, then a new trial will be scheduled in CCP as if one had never occurred in JP Court per Rule 72.3.

Finally, in addition to the plain language of the statute, I believe considerations of public policy favor a *de novo* review of appeals from JP Court to CCP. Intending no disrespect whatsoever to the able magistrates who preside over the multitude of cases heard in JP Court, I note that they are not required to be members of the Delaware Bar, nor even formally law-trained—although some may

---

(c) The appeal shall be a trial *de novo*.
(d) The Court of Common Please shall establish appeal procedures and supersedeas bond requirements by rule.

[9] 10 *Del. C.* § 9571(c).

[10] An evidentiary hearing in this Court may or may not be necessary depending on the state of the record on appeal.

be. Based on the statutory language of § 9571, I think it is entirely reasonable to infer that the statute was created by the General Assembly to give litigants in JP Court the opportunity for a *de novo* review before a law-trained judge.[11]

Therefore, I review the appealed Motion to Vacate *de novo*.

## DISCUSSION

### A. Jamoom's Motion to Vacate Default Judgment

Under Rule 60(b)(1), relief from a default judgment may be granted due to mistake, inadvertence, surprise, or excusable neglect by the movant.[12] A court may find that there was excusable neglect by the movant by analyzing three factors: (1) whether the movant's conduct is reasonable, (2) whether the movant could be successful on the merits, and (3) whether the non-moving party is not "substantially prejudiced."[13] A court only needs to consider the second and third prongs of meritorious defense and substantial prejudice to the non-moving party if excusable neglect has been found.[14]

As a threshold question, I must decide if Jamoom's conduct was reasonable

---

[11] Unfortunately, the legislative Synopsis to the 1991 Bill that enacted § 9571 does not provide much insight as to why the General Assembly chose the language it did, other than to note that the "present requirements are outdated and confusing."

[12] *Watson v. Simmons*, 2009 WL 1231145, at *2 (Del. Super. Apr. 30, 2009).

[13] *Green Tree Servicing LLC v. Hawkins*, 2013 WL 5314996, at *1-2 (Del. Super. Sept. 6, 2013).

[14] *Johnson v. American Car Wash, Inc.*, 2012 WL 2914186, at *2 (Del. Super. July 17, 2012) (ORDER) (citing Apartment Communities Corp. v. Martinelli, 859 A.2d 67, 72 (Del. 2004)).

7

given the circumstances. Delaware courts have found that a mere showing of negligence or carelessness without a valid reason is not necessarily "excusable neglect" and can be deemed insufficient.[15] To warrant relief, the movant must have acted as a reasonably prudent person under the circumstances.[16]

The question then becomes whether Jamoom and his attorney acted reasonably when they *both* failed to appear at the JP Court for trial on May 28, 2019, despite having received no indication from the court regarding the continuance requested. I find that they did not.

Jamoom's attorney requested a continuance for the May 28, 2019 trial because Jamoom was summoned for jury duty on the same day. The request was docketed at 4:00 pm on Friday—the trial was the following Tuesday. Although it was reasonable for Jamoom to attend jury duty that day, he never received any communication from his attorney or JP Court that the continuance had been ruled upon. Despite this, and inexplicitly, Jamoom's attorney also failed to appear for trial so a default judgment was entered against Jamoom. A reasonable person or attorney would have reached out to the court again or, as a last resort, showed up to trial when there was no response to the continuance request by the court. Jamoom's attorney has never offered any explanation as to why he did not attend trial that day. Finally, it should

---

[15] *Cohen v. Brandywine Raceway Assn*, 238 A.2d 320, 325 (Del. Super. 1968).

[16] *Id.*

8

be noted that the documents provided by Jamoom show that he was excused from jury duty on May 28, 2019, and released at 8:20 a.m. Therefore, he could have proceeded to JP Court to inquire as to the status of the trial and address the court— even if somewhat late. Under these facts, I find that neither Jamoom nor his attorney, acted as a reasonable person would have under the circumstances and their actions do not rise to the level of excusable neglect.

Because I find that excusable neglect has not been established, it is unnecessary to consider the second and third prongs of meritorious defense and substantial prejudice to the non-moving party. [17]

## CONCLUSION

After a *de novo* review of the matter on appeal, I reach the same conclusion as the JP Court. For the foregoing reasons, the Motion for Partial Summary Judgment is DENIED and the appeal of the Motion to Vacate the JP Court judgment is DENIED.

**IT IS SO ORDERED**

Bradley V. Manning, Judge

---

[17] *Johnson,* 2012 WL 2914186, at *2.