**Duane D. WERB, Esquire, Defendant Below, Appellant,**

v.

**Christine M. D'ALESSANDRO, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: April 20, 1992.

Decided: April 28, 1992.

---

Duane D. Werb, pro se.

Norman E. Levine of Levine & Thompson, Wilmington, for appellee.

Before HORSEY, MOORE and WALSH, JJ.

MOORE, Justice.

In this appeal, we are presented with an issue of first impression: Is a decision of the Superior Court granting a motion to vacate a default judgment entered by the Justice of the Peace Court an appealable final order? We find that it is not and, accordingly, dismiss the appeal for failure to comply with Supreme Court Rule 42.

## I.

### A.

The facts of this case are not in dispute. The appellant, Duane D. Werb ("Werb"), a member of the Delaware bar, sued the appellee, Christine M. D'Alessandro ("D'Alessandro"), in Justice of the Peace Court No. 13 on March 27, 1991. Werb claimed that D'Alessandro incurred a $2,850 bill for professional services rendered by him but which D'Alessandro never paid.

On May 8, 1991, D'Alessandro failed to appear for trial. After finding that D'Alessandro had received proper service of process,[1] the Justice of the Peace Court entered a default judgment against D'Alessandro in the amount of $2,850 plus court costs and post-judgment interest. D'Alessandro, having retained a new lawyer, moved to vacate the default judgment and requested a new trial. On August 29, 1991, this motion was denied by the Justice of the Peace Court.

On September 11, 1991, D'Alessandro appealed to the Superior Court. In response, Werb moved to dismiss the appeal. On December 23, 1991, the Superior Court, after briefing by the parties, concluded that the Justice of the Peace Court erred in not granting D'Alessandro's motion to vacate the default judgment. Accordingly, the Superior Court reversed the decision of the Justice of the Peace Court denying D'Alessandro's motion to vacate, remanded the case to the Justice of the Peace Court for further proceedings, and denied Werb's motions to dismiss and for Rule 11 sanctions.

### B.

Werb appealed to this Court on January 21, 1992. His Opening Brief was filed on March 6, 1992. On March 26, 1992, D'Alessandro moved to dismiss this appeal claiming that Werb had appealed an interlocutory order without complying with Supreme Court Rule 42 ("Rule 42"). In an order dated April 9, 1992, this Court denied D'Alessandro's motion to dismiss as untimely filed and directed the appellant to show cause why the appeal should not be dismissed pursuant to Supreme Court Rule 29(b) for failure to comply with Rule 42.

---

1. The parties dispute whether D'Alessandro received sufficient service of process. While this issue is substantively important, it has no bearing on the procedural posture of this appeal. Therefore, we express no opinion on this issue.

Werb responded to the order to show cause on April 20, 1992.

## II.

### A.

■ A number of fundamental legal principles are implicated by this appeal. First, absent compliance with Rule 42, a judgment or order entered by a court must be final to be reviewed by this Court. *McClelland v. General Motors Corporation,* Del.Supr., 214 A.2d 847, 848 (1965). Second, a final judgment is one "which determines the merits of the controversy or the rights of the parties and leaves nothing for future determination or consideration." *Showell Poultry, Inc. v. Delmarva Poultry Corporation,* Del.Supr., 146 A.2d 794, 796 (1958). Thus the issue presented by this Court's order to show cause is straightforward—was the decision of the Superior Court vacating the default judgment of, and remanding the case to, the Justice of the Peace Court a final judgment?

### B.

■ We agree with appellant that a default judgment normally possesses all the attributes of a final judgment. This Court so held in *Ney v. Polite,* Del.Supr., 399 A.2d 527, 529 (1979). *See also* 6 James W. Moore et al., *Moore's Federal Practice* ¶ 55.09 (2d ed. 1992) ("[a] default judgment is a final judgment for all purposes as between the parties ...").

However, that is not the issue here. This Court is not being asked to consider the default judgment entered by the Justice of the Peace Court. Indeed, there exists no right to appeal such a decision directly to this Court. 10 *Del.C.* § 9570. The issue here is one of finality arising from the Superior Court's vacation of the default judgment. There is a substantial difference between the denial of a motion to vacate a default judgment versus the grant of such a motion. *Ney* holds that the Superior Court's denial of a motion to vacate a default judgment entered by the Justice of the Peace Court is a final appealable order. In that circumstance nothing more remains to be done by the trial court except to enforce the judgement—a clear indicium of finality.

The situation here is quite different. Neither the merits of the controversy nor the rights of the parties have been finally determined—the antithesis of a final judgment. *See Showell Poultry,* 146 A.2d at 796. That conclusion is consistent with the weight of authority that such an order is interlocutory and not appealable. D.E. Ytreberg, Annotation, *Appealability of Order Setting Aside, or Refusing to Set Aside, Default Judgment,* 8 A.L.R.3d 1272, 1284 (1966). This has also been described as the general rule where a motion to vacate a default judgment has been granted. *See* 4 Am.Jur.2d *Appeal and Error* § 127 (1962) (collecting cases). This is the more logical and judicially efficient rule, and it is the law of Delaware. *Cf. Battaglia v. Wilmington Savings Fund Society,* Del. Supr., 379 A.2d 1132, 1134–35 (1977) (Superior Court order opening default judgment previously entered by Superior Court was interlocutory but was appealable because it both determined a substantial issue and established a legal right).[2]

Accordingly, we find that the Superior Court decision on appeal is interlocutory. Because appellant has failed to comply with Rule 42 when taking this appeal, we dismiss this appeal *sua sponte* pursuant to Supreme Court Rule 29(b).

DISMISSED.

---

**2.** Note that when *Battaglia* was decided, Rule 42 had not yet gone into effect. However, this Court has consistently held that, since the adoption of Rule 42, all appeals from interlocutory orders must be made in compliance with the Rule. *Julian v. State,* Del.Supr., 440 A.2d 990, 991 (1982).