IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAKSHMI ARUNACHALAM, Ph.D. | § | |
| | § | No. 102, 2017 |
| Defendant/Counterclaim | § | |
| Plaintiff/Third-Party Plaintiff, | § | Court Below—Superior Court |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. N14C–12–259 |
| | § | |
| PAZUNIAK LAW OFFICE, LLC | § | |
| and GEORGE PAZUNIAK, | § | |
| | § | |
| Plaintiffs/Counterclaim | § | |
| Defendants Below, | § | |
| Appellees, | § | |
| | § | |
| and | § | |
| | § | |
| O'KELLY AND ERNST, LLC, | § | |
| | § | |
| Third-Party Defendant Below, | § | |
| Appellee. | § | |

Submitted: March 17, 2017
Decided: March 21, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 21st day of March 2017, having considered the appellant's response to the notice to show cause, it appears to the Court that:

(1)     On March 3, 2017, the appellant filed a notice of interlocutory appeal from several Superior Court orders entered on February 21, 23, and 28, 2017.  On its face, the notice of appeal did not comply with Supreme Court Rule 42 because

it did not state that the appellant had applied to the Superior Court for certification of an interlocutory appeal. Absent compliance with Rule 42, this Court has no jurisdiction to consider an interlocutory appeal.[1]

(2) On March 6, 2017, the Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed for failure to comply with the Rule 42 procedures. On March 17, 2017, the appellant filed a response to the notice, stating that she had, in fact, filed the application for certification. A review of the Superior Court docket reflects that the appellant filed the application for certification on March 7, 2017.[2] The Superior Court has not yet ruled on the application.

(3) Under Rule 42(c), an application for certification of an interlocutory appeal must be filed "in the first instance in the trial court."[3] Under Rule 42(d)(i), the corresponding notice of interlocutory appeal can be filed "at any time after the filing of the application for certification in the trial court."[4]

(4) The appellant did not file the application for certification in the Superior Court before filing the notice of interlocutory appeal in this Court on March 3, 2017. The appellant's filing of the application for certification on March

---

[1] *See McLeod v. McLeod*, 2014 WL 2568545 (Del. June 5, 2014) (citing *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992)).
[2] *See* docket at 240, *Arunachalam v. Pazuniak Law Office, LLC*, Del. Super, C.A. No. N14C–12–259 (Mar. 7, 2017) (defendant's application for certification of interlocutory appeal).
[3] Del. Supr. Ct. R. 42(c).
[4] *Id.* at (d)(i).

2

7 did not cure that deficiency.[5]  Because the appellant failed to comply with Rule 42 when filing the notice of interlocutory appeal, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED under Supreme Court Rules 29(b) and 42.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[5] *Accord McLeod v. McLeod*, 2014 WL 2568545 (Del. June 5, 2014) ("The appellant's . . . application for certification of an interlocutory appeal . . . did not cure his failure to file an application in the Superior Court before filing this appeal as required by Rule 42.").