IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MELINDA HINES,[1] | § | |
| | § | No. 548, 2017 |
| Respondent Below- | § | |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware |
| | § | |
| CHESTER WILLIAMS, | § | File No. CN15-06488 |
| | § | Petition No. 16-13554 |
| Petitioner Below- | § | |
| Appellee. | § | |

Submitted: April 23, 2018
Decided: May 29, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 29th day of May 2018, upon consideration of the notice to show cause and the appellant's response thereto, it appears to the Court that:

(1) The appellant, Melinda Hines ("Mother"), filed this appeal from the Family Court's decision dated November 17, 2017, reopening its October 9, 2017 default custody order and reinstating a May 2017 interim custody order. The Family Court docket reflects that the parties' cross-petitions for custody remain pending before that court.

---

[1] The Court assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

(2)     The Clerk of this Court issued a notice to Mother to show cause why her appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 in taking an appeal from an interlocutory order.  Mother filed a response to the notice to show cause, but it does not address the interlocutory nature of the appeal.

(3)     An order constitutes a final judgment when it "leaves nothing for future determination or consideration."[2]  The Family Court's vacatur of its default custody order is an interlocutory ruling because it reopened the custody proceedings and did not finally resolve the merits of the parties' cross-petitions for custody.[3]

(4)     Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final trial court orders.[4]  Mother's failure to comply with Supreme Court Rule 42 leaves this Court without jurisdiction to hear her interlocutory appeal.  Mother may appeal once the Family Court issues a final custody order in the case.

NOW, THEREFORE, IT IS ORDERED that the within interlocutory appeal is DISMISSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[2] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992).
[3] *Id.*
[4] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).