IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MELINDA HINES, | § | |
| | § | No. 592, 2018 |
| Respondent Below, | § | |
| Appellant, | § | Court Below: Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN15-06488 |
| CHESTER WILLIAMS, | § | Petition Nos. 16-13554 |
| | § | 16-37161 |
| Petitioner Below, Appellee. | § | |
| | § | |

Submitted: February 4, 2019
Decided: February 12, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## O R D E R

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     On November 29, 2018, the appellant ("Mother") filed a notice of appeal from an interim visitation and scheduling order that was entered by the Family Court on November 27, 2018. The Family Court order reflects that a hearing on the appellee's petition for custody and other matters is scheduled for March 11, 2019.

(2)     The Senior Court Clerk issued a notice directing Mother to show cause why the appeal should not be dismissed for her failure to comply with Supreme

Court Rule 42 in taking an appeal from an interlocutory order. In response to the notice to show cause, Mother states that she filed with the Family Court an "Order Granting Leave to Appeal from the Interlocutory Order." She has attached to her response a copy of that document, which is a proposed order.

(3) An order constitutes a final judgment when it "leaves nothing for future determination or consideration."[1] The Family Court's November 27, 2018 order is interlocutory because it sets forth an interim visitation schedule pending final resolution of the parties' custody dispute. Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[2] Mother does not indicate that she filed with the Family Court an application for certification of an interlocutory appeal, as required by Supreme Court Rule 42.[3] Mother's failure to comply with Supreme Court Rule 42 leaves this Court without jurisdiction to hear her interlocutory appeal. Mother may appeal once the Family Court issues a final custody order in the case.[4]

---

[1] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992).
[2] *Hines v. Williams*, 2018 WL 2435551 (Del. May 29, 2018).
[3] *See* DEL. SUP. CT. R. 42(c)(i) (requiring that an application for certification of an interlocutory appeal be served and filed with the trial court within ten days of the entry of the order from which the appeal is sought); *id.* R. 42(b)(iii) (requiring that an application for interlocutory review contain a statement that the applicant has determined in good faith that the application meets the criteria for interlocutory review); *id.* R. 42(d)(iv)(A) (requiring that the notice of appeal from an interlocutory order shall include a copy of the application for certification).
[4] *Hines*, 2018 WL 2435551.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice