IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MELINDA CHARLES,[1] | § | |
| | § | |
| Petitioner Below, | § | No. 318, 2019 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware |
| | § | |
| BRIAN CHARLES, | § | File No. CK11-02876 |
| | § | Petition Nos. 19-18751 and |
| Respondent Below, | § | 19-18972 |
| Appellee. | § | |

Submitted: August 1, 2019
Decided: August 8, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the response to the notice to show cause, it appears to the Court that:

(1)     On July 23, 2019, the appellant, Melinda Charles ("the Mother") filed a notice of appeal from two Family Court orders, dated July 22, 2019, denying her motions for emergency *ex parte* orders in her petitions for visitation and custody. The Family Court referred the Mother's allegations to the Division of Family Services for investigation. The petitions for visitation and custody remain pending in the Family Court.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     The Senior Court Clerk issued a notice directing the Mother to show cause why this appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 in taking an appeal from an interlocutory order.  In her response to the notice to show cause, the Mother argues the merits of her appeal, but does not address the interlocutory nature of the appeal.

(3)     An order constitutes a final judgment when it leaves nothing for future determination or consideration.[2]  The Family Court orders denying the Mother's motions for emergency *ex parte* orders are interlocutory because the Family Court did not finally resolve the merits of the Mother's petitions for visitation and custody. Absent compliance with Rule 42, the appellate jurisdiction of this Court is limited to review of final trial court orders.[3]  The Mother's non-compliance with Rule 42 leaves this Court without jurisdiction to hear her interlocutory appeal.  The Mother may appeal once the Family Court issues final orders in the custody and visitation proceedings.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992).
[3] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).