# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KROENKE SPORTS & ENTERTAINMENT, LLC, OUTDOOR CHANNEL HOLDINGS, INC., SKYCAM, LLC and CABLECAM, LLC, | § § § § § § | No. 225, 2020<br><br>Court Below: Court of Chancery |
| Defendants Below, Appellants, | § § § | C.A. No. 2019-0858 |
| v. | § § | |
| NICOLAS A. SALOMON, | § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: January 27, 2021
Decided: February 1, 2021

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

This 1st day of February, 2021, having considered the parties' briefs and the record below, and after oral argument, it appears to the Court that:

1.     On February 26, 2020, the Court of Chancery entered a summary judgment order that required the defendants below-appellants, Kroenke Sports & Entertainment, LLC, Outdoor Channel Holdings, Inc., SkyCam, LLC, and CableCam, LLC (the "Defendants") to advance plaintiff below-appellee, Nicolas A. Salomon, his past and future reasonable attorneys' fees for defending an arbitration

action (the "Advancement Order").[1]  The court also ordered that the Defendants pay "fees on fees" for forcing Salomon to litigate his advancement rights, and post-judgment interest.[2]  Following the court's entry on March 24, 2020 of what is known as a "*Fitracks*"[3] Order setting a procedure to handle Salomon's continuing advancement requests, Salomon then brought two motions under Court of Chancery Rule 88—one for advancement and the other for fees on fees, or indemnification. On June 3, 2020, the court awarded Salomon fees on fees or indemnification (the "Rule 88 Indemnification Order").  On June 11, 2020, the Court of Chancery awarded advancements (the "Rule 88 Advancements Order") (collectively, the "Rule 88 Orders").

2. Prior to entry of the March 24 *Fitracks* Order, the Defendants appealed the Advancement Order and moved to stay the order pending appeal.  The Court of Chancery denied the motion.  The court recognized that the *Fitracks* procedure "clearly contemplates further action by the trial court" and "the appeal was not taken from a final order."[4]  Thus, the Advancement Order was not an appealable final

---

[1] *Salomon v. Kroenke Sports & Entm't, LLC*, 2020 WL 956745 (Del. Ch. Feb. 26, 2020) (granting Salomon advancement under 8 *Del. C.* § 145 and an indemnification agreement between defendant-appellant Outdoor Channel Holdings, Inc.).
[2] *Id*.
[3] *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 1003 (Del. Ch. 2012) (establishing a protocol for future advancement requests).
[4] App. to Answering Br. at B0049.

order. The Defendants responded by moving for partial final judgment, or in the alternative, certification of an interlocutory appeal. The court denied the motion.

3. On April 23, 2020, this Court denied a stay motion and dismissed the appeal as interlocutory.[5] We observed that the Advancement Order was "interlocutory because, under the *Fitracks* Order, the Court of Chancery retains jurisdiction to resolve disputes about the amount of fees and expenses for which Salomon demands advancement going forward."[6] We also distinguished the Advancement Order from the order appealed in *Homestore, Inc. v. Tafeen*.[7] Homestore appealed from a Final Order and Judgment, whereas, the Advancement Order "required the parties to submit a further, implementing order setting forth the process for submitting invoices and handling advance payments until the litigation for which Salomon sought advancement is finally resolved."[8]

4. The Defendants moved again in the Court of Chancery for entry of a partial final judgment, or in the alternative, certification of an interlocutory appeal under Supreme Court Rule 42. The court denied the motions.

5. On July 9, 2020, the Defendants filed another appeal from the Advancement Order and the Rule 88 Orders. Salomon argues that the appeal is

---

[5] *Kroenke Sports & Entm't, LLC v. Salomon*, 228 A.3d 409, 2020 WL 1951679 (Del. Apr. 23, 2020) (TABLE).
[6] *Id*. at *1.
[7] 888 A.2d 204 (Del. 2005).
[8] *Kroenke Sports*, 2020 WL 1951679, at *1.

interlocutory and must be dismissed because the Defendants have not sought certification from the Court of Chancery or from this Court, as required under Supreme Court Rule 42.[9]  In response, the Defendants admit that they have not complied with Rule 42's certification requirements.  Instead, the Defendants rely on *Homestore*, and argue that the Court of Chancery's three orders were final orders from which appeals can be taken.

6.　We agree with Salomon that this appeal must be dismissed because the Court of Chancery's three orders are interlocutory.  At oral argument, the parties agreed that advancement expenses were ongoing.  The Court of Chancery reserved jurisdiction to decide the inevitable future disputes.  A final judgment has yet to be entered resolving the dispute.

7.　The Defendants argue that under *Homestore*, we have reviewed advancement orders as final orders even if future advancements have yet to be resolved.  *Homestore*, however, is different.  In *Homestore*, the Court of Chancery, as part of its order, "establish[ed] a procedure for Tafeen to obtain the advancement of his legal fees and expenses going forward."[10]  But the court entered a "Final Order and Judgment" resolving the advancement action.  It is also unclear whether the procedure for resolving Tafeen's future advancement requests required court

---

[9] Del. Supr. Ct. R. 42(c).
[10] *Homestore, Inc.*, 888 A.2d at 209.

4

involvement. In any event, the court here was clear that it was reserving jurisdiction to address future advancement disputes, rendering the order non-final.

8. "[A]bsent compliance with Rule 42, a judgment or order entered by a court must be final to be reviewed by this Court."[11] We have already held that the Advancement Order was interlocutory. The Rule 88 Orders are also interlocutory because the Court of Chancery has retained jurisdiction to resolve any further indemnification and advancement disputes and then issue a final order. Absent a final order and judgment, or our acceptance of an interlocutory appeal under Rule 42, the appeal must be dismissed for lack of jurisdiction.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Defendants' appeal is dismissed without prejudice.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Chief Justice

---

[11] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992).