IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAMUEL PAINTER,[1] | § | No. 26, 2021 |
| | § | |
| Petitioner Below, | § | Court Below—Family Court |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | File No. CN14-02909 |
| | § | Petition No. 20-13918 |
| LOUISE PAINTER, | § | |
| | § | |
| Respondent Below, | § | No. 59, 2021 |
| Appellee. | § | |
| | § | Court Below—Family Court |
| | § | of the State of Delaware |
| | § | |
| | § | File No. CN14-02909 |
| | § | Petition No. 20-25292 |

Submitted: February 12, 2021
Decided: March 1, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)     On January 22, 2021, the appellant ("Father") filed a notice of interlocutory appeal from (i) an interim order of the Family Court, dated January 6, 2021, in a proceeding regarding modification of visitation with the parties' child

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d) in Appeal No. 26, 2021; the same pseudonyms are hereby assigned in Appeal No. 59, 2021.

(Family Court File No. CN14-02909, Petition No. 20-13918); and (ii) a Family Court order, dated January 21, 2021, which denied Father's motion to reconsider the January 6 interim order. The Court has assigned Appeal No. 26, 2021, to the notice of interlocutory appeal from those orders. The notice of interlocutory appeal also sought to appeal from a Family Court order, dated January 15, 2021, which stayed Father's request for review of a Commissioner's order in a protection from abuse proceeding (Family Court File No. CN14-02909, Petition No. 20-25292) pending resolution of a motion to reopen the Commissioner's order. The Court has assigned Appeal No. 59, 2021, to the notice of interlocutory appeal from that order.

(2) The Senior Court Clerk issued a notice directing Father to show cause why his appeal from the interlocutory orders should not be dismissed for his failure to comply with Supreme Court Rule 42. In response, Father has asserted that he filed an application for certification of an interlocutory appeal with the Family Court on January 22, 2021. The document that he submitted to the Family Court appears to seek certification of an interlocutory appeal only in the proceeding regarding modification of visitation. Moreover, it appears from the Family Court docket that on January 21, 2021, the Commissioner granted Father's motion to reopen the order in the protection from abuse proceeding and ordered that the matter will be scheduled for trial.

2

(3)     Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[2] An order is final when it "leaves nothing for future determination or consideration."[3] Father concedes that the Family Court orders that are the subject of this appeal are interlocutory and not final. Supreme Court Rule 42 provides that an "application for certification of an interlocutory appeal shall be made in the first instance to the trial court,"[4] and that such application must be "served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown."[5]

*Disposition of Appeal No. 59, 2021*

(4)     It appears that Father did not serve and file an application for certification of an interlocutory appeal from the Family Court order, dated January 15, 2021, which stayed Father's request for review of a Commissioner's order in the protection from abuse proceeding (Family Court File No. CN14-02909, Petition No. 20-25292). The appeal from that order must therefore be dismissed. In any event, it appears that an appeal from that order would be moot because the Commissioner reopened the underlying order and the matter is proceeding to trial.

---

[2] *Hines v. Williams*, 2018 WL 2435551 (Del. May 29, 2018).
[3] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992).
[4] DEL. SUPR. CT. R. 42(c).
[5] *Id.* R. 42(c)(1).

3

(5) With respect to the interlocutory appeal of the orders entered in the modification of visitation proceeding (Family Court File No. CN14-02909, Petition No. 20-13918), the notice to show cause will be held in abeyance pending the Family Court's action on Father's application for certification of an interlocutory appeal. No further action will be taken by this Court in Appeal No. 26, 2021, until Father files a supplemental notice of appeal in compliance with Supreme Court Rule 42(d)(iii) following the Family Court's action on the application for certification.

NOW, THEREFORE, IT IS ORDERED that Appeal No. 59, 2021, the interlocutory appeal from the Family Court's January 15, 2021, order in Family Court File No. CN14-02909, Petition No. 20-25292, is DISMISSED. In Appeal No. 26, 2021, the notice to show cause is held in abeyance pending the appellant's filing of a supplemental notice of appeal in compliance with Supreme Court Rule 42(d)(iii).

BY THE COURT:

*/s/ Karen L. Valihura*
Justice