IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONAN GORDON, SR., | § | |
| | § | |
| Respondent Below, | § | No. 348, 2020 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware |
| | § | |
| PEARL PHELPS, | § | File No. CN10-04652 |
| | § | Petition No. 20-11353 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: April 12, 2021
Decided: April 14, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

Having considered the notice to show cause and the response, it appears to the Court that:

(1)     On October 20, 2020, the appellant ("Father") filed a notice of appeal from a Family Court "summary order," dated September 24, 2020, in which the Family Court made certain factual findings concerning a petition for modification of custody.  The Family Court order stated that a full opinion and order would follow.  On November 18, 2020, the Family Court denied Father's application to proceed *in forma pauperis* with respect to the Family Court's filing fee and transcript cost for the appeal.  The Family Court denied the application on the grounds that there is no right to receive transcripts at State expense in a civil appeal and because the request

concerned "an appeal from an interlocutory order." On December 11, 2020, the Family Court issued an additional opinion in the custody modification matter. The December 11, 2020, opinion expounded on the Court's findings in its September 24, 2020, summary order but stated that the court was awaiting resolution of this appeal before holding additional proceedings and issuing a final order.

(2) After granting several extensions to allow Father more time to pay the Family Court filing fee and transcript cost, on March 4, 2021, the Senior Court Clerk issued a notice directing Father to show cause why this appeal should not be dismissed for his failure to diligently prosecute the appeal by failing to pay the Family Court filing fee and transcript cost. Father has responded by requesting additional time to make the required payments to Family Court.

(3) The notice to show cause should have directed Father to show cause why this appeal should not be dismissed for failure to comply with Supreme Court Rule 42 in filing an appeal from an interlocutory order. Notwithstanding the omission in the notice to show cause, the Court concludes that this appeal should be dismissed under Supreme Court Rule 29(c). Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final

2

orders.[1]  An order is final when it "leaves nothing for future determination or consideration."[2]

(4)    Because the order from which Father seeks to appeal is not final and Father has not complied with Rule 42, the notice of appeal manifestly fails to invoke the jurisdiction of this Court.[3]  Moreover, giving notice of the defect "would serve no meaningful purpose and . . . any response would be of no avail."[4]  Dismissing the appeal without further notice will allow prompt remand to the Family Court for the additional proceedings contemplated by that court's December 11, 2020 order. Father will have the opportunity to seek review of the Family Court's September 24, 2020 order in an appeal from a final order in the case, and he may request that the Family Court apply, in the appropriate exercise of its discretion, any payments that he has made in connection with this appeal to that future appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(c), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] *Hines v. Williams*, 2018 WL 2435551 (Del. May 29, 2018).
[2] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992).
[3] *See* DEL. SUPR. CT. R. 29(c) (providing for dismissal *sua sponte* if the appeal "manifestly fails on its face to invoke the jurisdiction of the Court" and "the Court concludes, in the exercise of its discretion, that the giving of notice would serve no meaningful purpose and that any response would be of no avail").
[4] *Id.*

3