IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAMUEL PAINTER,[1] | § | |
| | § | No. 262, 2021 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below: Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN14-02909 |
| LOUISE PAINTER, | § | Petition No. 20-13918 |
| | § | |
| Respondent Below, Appellee. | § | |

Submitted: October 1, 2021
Decided: October 6, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## O R D E R

(1) The appellant ("Father") filed a notice of appeal from a Family Court order, dated July 19, 2021, that considered Father's petition for modification of visitation with the parties' child. The Family Court's decision ordered Father and the child to begin engaging in family therapy in order to work toward increased contact and provided that the court would hold a review hearing on December 9, 2021, to consider what progress had been made before taking further action.

(2) On August 27, 2021, the Clerk issued a notice directing Father to show cause why the appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 in taking an appeal from an interlocutory order. On September 17,

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

2021, having received no response to the notice to show cause, the Court dismissed the appeal in a single-Justice order under Supreme Court Rules 3(b) and 29(b).

(3) Father has filed a motion for reargument in which he states that he did not receive the notice to show cause, asks the Court to consider the appeal, and asserts various claims of error. We hereby grant the motion for reargument but conclude that the appeal must be dismissed for failure to comply with Supreme Court Rule 42.

(4) Absent compliance with Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[2] An order is final, rather than interlocutory, when it "leaves nothing for future determination or consideration."[3] The Family Court's order leaves a final determination of the petition for modification of visitation until after a hearing that is scheduled for December 9, 2021. The order is therefore interlocutory, and Father was required to comply with the procedures set forth in Rule 42 in order to invoke this Court's jurisdiction. Father does not assert that he complied with Supreme Court Rule 42, and review of the Family Court docket confirms that he did not.[4]

---

[2] *Hines v. Williams*, 2018 WL 2435551 (Del. May 29, 2018).

[3] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992).

[4] *See, e.g.*, DEL. SUPR. CT. R. 42(c) (providing that "[a]n application for certification of an interlocutory appeal shall be made in the first instance to the trial court"); *id.* R. 42(c)(i) (requiring that an application for certification of an interlocutory appeal be served and filed with the trial court within ten days of the entry of the order from which the appeal is sought).

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice