IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANKLIN HAMILTON,[1] | § | |
| | § | No. 291, 2021 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below - Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN21-04354 |
| MEGAN DAVIS, | § | Petition No. 21-19959 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: October 4, 2021
Decided: October 8, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On August 27, 2021, the appellant ("Hamilton") filed a petition for custody of a minor child in the Family Court, and on August 30, 2021, he filed a motion for an emergency *ex parte* order awarding him temporary full custody of the child. The Family Court denied the motion, stating that the "underlying action will proceed in the normal course of business." Hamilton filed a notice of appeal to this Court.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     The Senior Court Clerk issued a notice directing Hamilton to show cause why the appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 in taking an appeal from an interlocutory order.  In response, Hamilton filed a letter stating that he is unable to respond because he "has a pending Subpoena Duces Tecum Motion before Family Court" through which he is seeking "records that would allow appellant to comply with Supreme Court Rule 42."  He does not assert that he complied with Rule 42.

(3)     An order constitutes a final judgment when it "leaves nothing for future determination or consideration."[2]  The Family Court's order denying the motion for an emergency *ex parte* order is interlocutory because the proceedings before the Family Court are ongoing, as Hamilton admits by stating that he has a pending discovery request.  Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[3]  Hamilton's failure to comply with Supreme Court Rule 42 leaves this Court without jurisdiction to hear this interlocutory appeal.  Moreover, awaiting resolution of the pending discovery motion before considering whether this matter should be dismissed would be futile, as the time for complying with Rule 42 has passed.[4]

---

[2] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992).

[3] *Hines v. Williams*, 2018 WL 2435551 (Del. May 29, 2018).

[4] *See, e.g.*, Del. Supr. Ct. R. 42(c) (providing that "[a]n application for certification of an interlocutory appeal shall be made in the first instance to the trial court"); *id.* R. 42(c)(i) (requiring that an application for certification of an interlocutory appeal be served and filed with the trial court within ten days of the entry of the order from which the appeal is sought).

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice