IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARY MURPHY,[1] | § | |
| | § | No. 15, 2025 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below: Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN23-03101 |
| JAYSON MURPHY, | § | Petition Nos. 24-11875 |
| | § | 24-11459 |
| Respondent Below, Appellee. | § | 23-17019 |
| | § | |

Submitted: January 21, 2025
Decided: February 5, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) The appellant ("Ex-Wife") filed this appeal from four orders issued by the Family Court: (i) an order dated December 10, 2024, that denied Ex-Wife's motion to issue a third-party subpoena; (ii) an order dated December 10, 2024, that awarded $2,685 to the appellee ("Ex-Husband") for attorneys' fees; (iii) an order dated December 20, 2024, that denied Ex-Wife's application to proceed in forma pauperis as to a motion to reopen a petition to set aside a premarital agreement; and

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(iv) an order dated December 10, 2024, that denied Ex-Wife's motion for reconsideration of the denial of her request to waive the fee for the transcript of a case management conference held on October 3, 2024 (collectively, the "Four Orders"). The Senior Court Clerk issued a notice directing Ex-Wife to show cause why the appeal should not be dismissed as a procedurally improper interlocutory appeal.

(2) Ex-Wife responded to the notice to show cause on January 21, 2025, and the Court directed Ex-Husband to respond. On January 23, 2025, Ex-Wife filed a document indicating her intent to appeal from a Family Court order dated December 20, 2024, and docketed December 23, 2024, that awarded $915.61 to the Ex-Husband for attorneys' fees (the "Second Fee Order").[2] On January 28, 2025, Ex-Wife filed a motion to disqualify Ex-Husband's counsel, accusing counsel of professional misconduct and conflicts of interest.[3]

---

[2] Because of the timing of Ex-Wife's filing as to the Second Fee Order, the notice to show cause did not specifically address the Second Fee Order. Ex-Wife's notice of appeal from that order asserts that she did not receive the order in the mail until January 15, 2025. It appears that the Second Fee Order, like the Four Orders, is interlocutory. If it is not interlocutory, however, Ex-Wife's attempt to appeal it is untimely. *See* DEL. SUPR. CT. R. 6(a)(i) (providing that a notice of appeal in a civil case must be filed within 30 days after entry upon the docket of the order from which the appeal is taken); *Carr v. State*, 554 A.2d 778, 779 (Del. 1989) (holding that a notice of appeal must be timely filed to invoke the Court's appellate jurisdiction); *Rogers v. Morgan*, 2019 WL 168667 (Del. Jan. 10, 2019) (dismissing untimely appeal in which appellant attributed delay, in part, to postal delays).

[3] The notice to show cause can be resolved—and the appeal dismissed—without consideration of Ex-Husband's response. *See generally* DEL. SUPR. CT. R. 29(b) (providing for dismissal of an appeal of an "unappealable interlocutory order" after notice to the appellant with an opportunity for the appellant to respond). Therefore, no further action is required on the motion to disqualify Ex-Husband's counsel in this appeal.

(3) "Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final trial court orders."[4] An order is a final, appealable order when it "leaves nothing for future determination or consideration."[5] In her response to the notice to show cause, Ex-Wife argues the merits of her appeal from the Four Orders, but she does not contend that she complied with Rule 42 or that any of the Four Orders finally resolved the relevant proceedings before the Family Court. This appeal must therefore be dismissed.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] *Hines v. Williams*, 2018 WL 2435551 (Del. May 29, 2018).
[5] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992).