IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CAITLYN BROWN,[1] | § | |
| | § | No. 157, 2026 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below–Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN20-04793 |
| KENNETH TUCKER, | § | Petition No. 25-16646 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: May 22, 2026
Decided: May 28, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On April 15, 2026, the appellant, Caitlyn Brown, filed a notice of appeal from a March 27, 2026 Family Court order granting custody of the appellant's children to the appellee "on a very temporary basis" and scheduling a review hearing for June 17, 2026. The Senior Court Clerk issued a notice to Brown to show cause why this appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 when taking an appeal from an interlocutory order. Brown has

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

responded to the notice to show cause and argues the merits of her appeal but does not address its interlocutory nature.

(2)     An order constitutes a final judgment when it "leaves nothing for future determination or consideration."[2] Because the Family Court's March 27 order did not finally resolve the merits of the appellee's petition for custody modification, it was interlocutory.

(3)     Absent compliance with Rule 42, the appellate jurisdiction of this Court is limited to the review of final trial court orders.[3] Brown's failure to comply with Rule 42 leaves this Court without jurisdiction to hear her interlocutory appeal. Brown may appeal once the Family Court issues a final order in the custody-modification proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[2] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992) (citation omitted).
[3] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).